IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIZZIE JOHNSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:12cv356-WHA |
| | ) | |
| THOMAS WADE, II, et al., | ) | (wo) |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Plaintiff's Motion for a More Definite Answer and/or Sanctions (Doc. #15).

The court notes that the relief the Plaintiff requests is somewhat unclear, because there is no provision for seeking a more definite Answer in the Federal Rules of Civil Procedure. Furthermore, a Motion for More Definite Statement, pursuant to Fed. R. Civ. P. 12(e), is not available relief in response to an Answer, but only in response to a pleading to which a responsive pleading is allowed. *See* Fed. R. Civ. P. 12(e); *Jackson v. City of Centreville,* 269 F.R.D. 661, 663 (N.D. Ala. 2010) (citing Rule 12(e) for the proposition that "a plaintiff faced with an insufficient answer cannot move for a more definite statement."). The Plaintiff, however, also has asked for sanctions to be imposed pursuant to Rule 11. Therefore, the court will examine the Answer to determine whether Fed. R. Civ. P. 11 sanctions should be imposed in this case.

The Eleventh Circuit has stated that "three types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a

pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003).  The standard for testing conduct under Rule 11 is reasonableness under the circumstances. *Id.*

The Plaintiff, Johnson, argues that the Defendants have failed to perform a good faith investigation of the defenses presented in the pleadings.  More specifically, Johnson voices the following objections to the Defendants' Answer:  in paragraph one, the Defendants deny the names of the parties and the statute pursuant to which Johnson brings claims; in paragraph two, the Defendants deny jurisdiction; in paragraph four, the Defendants deny that § 1981 does not require administrative exhaustion; the Defendants claim the statute of limitations although they know the date that Johnson was terminated; in paragraph six, the Defendants deny that Johnson is African American; in paragraphs nine and ten the Defendants deny the use of slurs which have been confirmed by several people; the Defendants deny paragraph 11 of the Complaint even though they are aware they did not possess an EEO policy and Johnson filed an EEOC charge; in paragraphs 12 and 13, the Defendants deny statements, or knowledge of statements, made to the EEOC; and in paragraph 15, the Defendants deny that the EEOC made a cause determination.

The Defendants have responded that their denials are merely to preserve arguments and are not to delay or cause unnecessary expense.  The Defendants state that they denied the names of the parties to preserve an argument that an individual ought not to have been named; that they denied jurisdiction to preserve jurisdictional and res judicata issues based on the pendency of another, separately-filed case by the same Plaintiff; that statute of limitations and exhaustion

denials are made to preserve arguments which may be asserted because the separately pending case is a Title VII case, while the instant case is only one for violation of § 1981; and that the other denials, with the exception of the denial of the Plaintiff's race, were made to preserve arguments the Defendants intend to raise in dispositive motions after written discovery and depositions have been conducted.  With respect to Johnson's race, the Defendants state that they "will admit Plaintiff is African American."  (Doc. #17).

The Answer in this case identifies each paragraph of the Amended Complaint, and admits or denies the paragraphs, meeting the requirements of Rules 8(b)(1)(B) and 8(b)(3).  The affirmative defenses stated in the Answer meet the requirements of Rule 8(c).  Furthermore, the denials and affirmative defenses appear to be consistent with the preservation of arguments in the future after discovery is conducted, rather than being filed in bad faith for an improper purpose.  The court, therefore, finds no basis for imposing sanctions pursuant to Fed. R. Civ. P. 11.  The Defendants having stated that they will admit the Plaintiff's race, however, the court will give the Defendants additional time in which to file an Amended Answer to admit that the Plaintiff is African American.

Accordingly, the Plaintiff's Motion for a More Definite Answer and/or Sanctions (Doc. #15), is due to be and is hereby ORDERED DENIED.

The Defendants are given until July 26, 2012 to file an Amended Answer which admits that Kizzie Johnson is African American.

Done this 19th day of July, 2012.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE